

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

July 8, 1953

*Overruled by*
*B.A.C. Halff grundt*
*V.*

*Calvert*
*281 SW 2d 17*

Hon. Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Opinion No. S-62

Re: Exemption from inheritance
tax of bequest to such corpo-
ration, association or trust
fund as trustees may select
for certain charitable pur-
poses.

Dear Sir:

     We quote the following excerpt from your letter re-
questing the opinion of this office on the above-captioned subject.

     "We desire the opinion of your office with
respect to the correct exemption applicable to a
bequest made under Clause XI as amended by
Clause SIXTH of the codicil to the last will and
testament of Godcheaux A. C. Halff, deceased, of
Bexar County, Texas.

     "Clause XI of the will as amended by Clause
SIXTH of the codicil devises three-eighths (3/8)
of the residue to the decedent's brother and nephew,
or the survivor, as Trustees for public charitable
uses and purposes--one-half (1/2) to the National
Jewish Hospital at Denver, Colorado, and the other
one-half (1/2) of three-eighths (3/8) 'to such cor-
poration, association or trust fund as his Trustees
may select for any one or more or all of the follow-
ing charitable purposes for the relief of the poor,
to wit: Hospitalization; the promotion of health; the
relief of the afflicted and other medical aid; the re-
lief of poverty; the advancement of education; gov-
ernmental or municipal purposes.'

     "The surviving trustee, Hugh A. L. Halff, ne-
phew of the decedent, has made and filed with this
department an inheritance tax report for the Estate
of Godcheaux A. C. Halff, and under Schedule E
thereof has reported the one-half (1/2) of three-
eighths (3/8) of the residue devised to the National

23?

and a tax due thereon in the amount of $203,968.57.
The other one-half (1/2) of three-eighths (3/8) of
the residue the Trustee is claiming exempt as pro-
vided in Article 7122.

"In view of the holding in the Presbyterian
Case (198 S.W.2d 282) we ask you to advise this de-
partment whether the one-half (1/2) of three-eighths
(3/8) of the residue devised to the Trustees for se-
lected charitable purposes by the Trustee's is exempt
or taxable as provided in Article 7122."

The pertinent provisions of Article 7122-Class E,
V.C.S., are the following:

"Foreign bequest. If passing to or for the use
of the United States, to or for the use of any other
person or religious, educational or charitable organ-
ization . . . the tax shall be . . . provided, however,
that this Article shall not apply on property passing
to or for the use of the United States or any religious,
educational or charitable organization when such be-
quest, devise or gift is to be used within this State."

In the Presbyterian Church case, the decedent be-
queathed one-half of her estate to the Presbyterian Church in the
United States. No limitation as to use of the property within the
State of Texas was expressed in the will. The Presbyterian Church
operates in many states and in foreign lands. The proper Church
authorities, after the decedent's death, obligated the Church to use
the bequest in its entirety in the State of Texas. The Court held
that the "manifest purpose of the statute is to exempt a devise or
bequest passing under a will from the payment of the tax imposed
only when such devise or bequest is to be used in this State."

The Court also said at page 285:

"Nor is the fact that the parties have stipulated
that the appellant Church has promised and will use
the property in Texas material to a proper construc-
tion of the statute. The Legislature has provided no
form or method by which the taxing authorities might
ascertain whether a larger or lesser use may be made
of the property by the devisee or legatee in order to
secure or create an exemption from the payment of
the tax imposed by the statute."

The facts presented by your request are clearly

governed by the Presbyterian case. Mr. Halff's will contained no language limiting the trustees in their selection of a charitable corporation, association or trust fund to Texas charitable enterprises. Thus the property passed upon Mr. Halff's death without restriction as to where it will be used. It is therefore not within the overall exemption provided in Class E but is taxable thereunder.

## SUMMARY

Property passing by will to certain trustees to be given to such charitable corporation, association or trust fund as said trustees may select is subject to an inheritance tax under Article 7122, V.C.S., since no limitation as to use of the property within the State of Texas was expressed in the will. Presbyterian Church in the U. S. v. Sheppard, 198 S.W.2d 282 (Tex. Civ. App. 1946, error ref. n.r.e.).

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

By Marietta McGregor Creel
Marietta McGregor Creel
Assistant

APPROVED:

W. V. Geppert
Taxation Division

C. K. Richards
Reviewer

Burnell Waldrep
Executive Assistant

John Ben Shepperd
Attorney General

MMC:mg